## CASE v. CASE.

Lands specifically devised are not to stand chargeable with the payment of pecuniary legacies. Also, on appeal from probate, the Superior Court is to fix the principles of law, but is not authorized to proceed in the settlement of the estate.

JOSEPH CASE made his last will, devising sundry tracts of land, and bequeathing sundry pecuniary legacies, chargeable upon his personal estate; and if that should prove insufficient, then upon certain reserved lands. The Court of Probate, which took cognizance of the will, finding there was not personal estate and reserved lands, sufficient to discharge the debts and pecuniary legacies, ordered part of the devised estate to be sold for that purpose. An appeal being taken to the Superior Court, the decree of the probate was set aside; and the court assessed a sum upon each devisee and legatee, proportioned to the value of their several shares, sufficient to discharge the pecuniary legacies, and residue of the debts, not paid by the sale of the reserved lands and personal estate; and ordered execution severally to issue against each, in favor of the executors, for the sums so assessed.

Judgment of the Superior Court reversed.

By the COURT. Where the personal estate is only sufficient for payment of debts and charges, a pecuniary legacy is lost. If there is a *residuum*, but not sufficient for the payment of such legacies in full, they must abate in proportion, unless special provision be made by the testator. But the legacies, by the last will and testament of the deceased, in the present case, are specially charged upon the personal estate; and if that should prove insufficient, upon certain lands devised to be sold, and no further;— therefore, provision made to pay those legacies out of lands specifically devised, is against law: And the judgment of the Superior Court, so far as it reverses the decree of probate, ordering

Case v. Case.

lands specifically devised to be sold for the payment of pecuniary legacies, was right;— but the Superior Court erred, in adjudging that the lands thus devised should stand charged to make contribution for payment of the pecuniary legacies, and in proceeding to apportion each devisee's and legatee's part to pay, and granting execution therefor. This part of the judgment involves the principle, that pecuniary legacies may be charged upon lands specifically devised: But the contrary of this, is the true ground for reversing the decree of probate.

It is the province of the Superior Court, on appeals made from decrees of probate, to fix the principles of law, for the direction of the Courts of Probate; but it seems not to be authorized to proceed through all the forms to a complete settlement of estates, as a prerogative court. The execution of the law, as ascertained by the Superior Court, appertains to the courts of probate.

If the Superior Court is authorized, on such appeals, to proceed to a complete settlement of estates, yet the manner of doing this, in the present case, by granting executions against the devisees and legatees, to compel them to contribute their proportion, is exceptionable; for as a court of law, in which capacity the appeal was made, it concerned the court to proceed according to the forms, which are prescribed for the settlement of estates, and are the rule of the Courts of Probate; but no such mode of proceeding is known in the law, in a case of this nature.